Korsmo, J.
¶30 (dissenting) — This court has no ability to find facts. Since the trial court found the alleged facts on which the defense rested to be unproven, we have no ability to find otherwise. Accordingly, I dissent.
¶31 The critical portion of this case is found in the trial court’s oral remarks, summing up its judgment:
Compellingly, Mr. [sic] Smitham testified that he did not feel comfortable diagnosing Ms. [C.M.] with a developmental disability. As such, the record does not contain sufficient evidence to support such a conclusion.
2 Verbatim Report of Proceedings (Sept. 10, 2015) at 332. The trial court also noted in its written findings that the treatment providers all worked with her in a manner to address her “shortcomings” but with “little or no progress.” Clerk’s Papers (CP) at 95. The court concluded that “if the mother is developmentally delayed, there are no services that could have helped her.” CP at 95.
¶32 We have noted many times that we lack the ability to find facts and are not in a position to accept as truth evidence that the trial court rejected. E.g., Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009). As stated there:
In contrast, where a trial court finds that evidence is insufficient to persuade it that something occurred, an appellate court *927 is simply not permitted to reweigh the evidence and come to a contrary finding. It invades the province of the trial court for an appellate court to find compelling that which the trial court found unpersuasive.

Id.

¶33 Yet, that is exactly what the majority opinion does here. Based on its own determination that C.M. was developmentally disabled, or should have been found to have been developmentally disabled, the majority then discounts the substantial evidence supporting the court’s actual findings. However, that is not the standard by which we consider whether the trial court’s findings are correct. We look to see whether there was sufficient evidence “to persuade a rational, fair-minded person that the finding is true.” Cantu v. Dep’t of Labor & Indus., 168 Wn. App. 14, 21, 277 P.3d 685 (2012). We do not weigh that evidence against competing evidence, let alone against competing evidence that does not exist.
¶34 Another factor that raises concerns here is the context in which the developmental disability evidence, such as it is, was used. If counsel thought there actually was evidence that his client was developmentally disabled, he failed to act on it. There was no motion for summary judgment, no motion for a directed verdict, no motion to reopen the dependency, nor any motion to compel further evaluation or services. From this I infer that veteran defense counsel did not believe there was any evidence to support a finding that his client was developmentally disabled and in need of extra services. If there was such a glaring hole in the State’s case, counsel would have exploited it. Instead, he merely raised the possibility that a disability existed as a shield against the State’s argument that it had provided all necessary services.
¶35 While I agree that the Department of Social and Health Services cannot bury its head in the sand and decline to investigate a parent’s suspected issues, there is no evidence that happened here. Although C.M. presented *928 well, each of the treatment providers determined that she needed more assistance than normal and tailored their approaches to her. Despite those efforts, she failed to make any progress at all anywhere, even while dutifully showing up for most appointments. The trial court understandably determined that more efforts would be futile. While the majority can speculate that maybe she had more extensive difficulties than the experts and treatment providers noted, and that maybe there is a different way of getting through to her, there simply is no evidence such is the case. Speculation simply cannot replace evidence.
¶36 The trial court carefully considered the argument C.M. made and determined that it was without evidentiary foundation. Substantial evidence supports that determination. This court should not be crediting her argument under those circumstances.
¶37 I respectfully dissent.